UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **INDICTMENT** CR 25-126 KMM/DJF |
| Plaintiff, | 18 U.S.C. § 922(g)(1) |
| | 18 U.S.C. § 924(a)(8) |
| v. | 18 U.S.C. § 924(c)(1)(A) |
| | 21 U.S.C. § 841(a)(1) |
| OTIS DAIR BURKS, | 21 U.S.C. § 841(b)(1)(A) |
| | 21 U.S.C. § 841(b)(1)(B) |
| Defendant. | 21 U.S.C. § 851 |
| | 21 U.S.C. § 853(p) |

THE UNITED STATES GRAND JURY CHARGES THAT:

## COUNT 1
(Possession of Fentanyl with the Intent to Distribute)
(Dodge Ram Pickup)

On or about March 12, 2025, in the State and District of Minnesota, the defendant,

**OTIS DAIR BURKS**,

did unlawfully, knowingly, and intentionally possess with the intent to distribute 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (commonly called "fentanyl"), a controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A).

SCANNED
APR 0 8 2025
U.S. DISTRICT COURT MPLS

## COUNT 2
(Possession of Cocaine, Cocaine Base, and Fentanyl
with the Intent to Distribute)
(Avocet Street Northwest, Coon Rapids)

On or about March 12, 2025, in the State and District of Minnesota, the defendant,

**OTIS DAIR BURKS**,

did unlawfully, knowingly, and intentionally possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, and 40 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propanamide (commonly called "fentanyl"), each controlled substances, all in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B).

## COUNT 3
(Felon in Possession of a Firearm)

On or about March 12, 2025, in the State and District of Minnesota, the defendant,

**OTIS DAIR BURKS**,

having previously been convicted of the following crimes, each of which was punishable by imprisonment for a term exceeding one year, namely:

| Offense | Place of Conviction | Date of Conviction (on or about) |
|---|---|---|
| Possession of Ammunition/Any Firearm—Conviction or Adjudicated Delinquent for Crime of Violence | Hennepin County, MN | July 2019 |
| Aggravated Robbery-First Degree | Ramsey County, MN | March 2012 |
| Kidnapping-to Facilitate Felony or Flight | Ramsey County, MN | March 2012 |

and knowing he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, a Smith & Wesson model SD9 9-millimeter semiautomatic pistol bearing serial number FZU5841, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 4
(Possessing a Firearm in Furtherance of a Drug Trafficking Crime)

On or about March 12, 2025, in the State and District of Minnesota, the defendant,

**OTIS DAIR BURKS**,

did knowingly possess a firearm, that is, a Smith & Wesson model SD9 9-millimeter semiautomatic pistol bearing serial number FZU5841, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession of cocaine, cocaine base, and

fentanyl with intent to distribute, as alleged in Count 2 of this Indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## NOTICE OF PRIOR CONVICTION

Before committing the offenses charged at Counts 1 and 2 of this Indictment, the defendant **OTIS DAIR BURKS** was convicted in the Ramsey County District Court of aggravated robbery in the first degree, a serious violent felony, which had become final and for which he served more than twelve months of imprisonment. *See State of Minnesota v. Otis Dair Burks*, Case No. 62-CR-12-119. As a result of that conviction, defendant **OTIS DAIR BURKS** is subject to increased punishment under 21 U.S.C. § 851.

## FORFEITURE ALLEGATIONS

Counts 1 through 4 of this Indictment are hereby realleged and incorporated as if fully set forth herein by reference for the purpose of alleging forfeitures.

If convicted of Count 1 of the Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said violation. The property subject to forfeiture includes, but is not limited to, the following items seized on March 12, 2025:

4

1. A 2019 Dodge Ram 1500, vehicle identification number 1C6RREJT2KN769020.

If convicted of Count 2 of the Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said violation. The property subject to forfeiture includes, but is not limited to, the following items seized on March 12, 2025:

1. a Smith & Wesson model SD9 9-millimeter semiautomatic pistol bearing serial number FZU5841;
2. any ammunition and magazines seized therewith; and
3. $144,030 in U.S. currency seized from the defendant's residence.

If convicted of Counts 3 or 4 of the Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c), any firearms, accessories, or ammunition involved in or used in the commission of the violations, including but not limited to:

1. a Smith & Wesson model SD9 9-millimeter semiautomatic pistol bearing serial number FZU5841;
2. Any ammunition and magazines seized therewith; and
3. $144,030 in U.S. currency seized from the defendant's residence.

5

If any of the above-described forfeited property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p).

A TRUE BILL

_____     _____
ACTING UNITED STATES ATTORNEY        FOREPERSON